United States Court of Appeals
Fifth Circuit

**F I L E D**
October 1, 2009

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 08-31030

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MICHAEL WALKER; VERNON CLAVILLE

Defendants - Appellants

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CR-50097-1

Before JONES, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

This court, having carefully reviewed the parties' briefs and pertinent portions of the record in light of the parties' oral arguments, concludes there is no reversible error in the convictions or sentences. The contentions may be briefly addressed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS

Michael Walker ("Walker") and Vernon Claville ("Claville") (collectively the "Appellants") were both elected judges serving in Caddo Parish, Louisiana. Together with their mutual friend Travis McCullough, Appellants used their influence to direct money to A-Instant Bail Bonds in exchange for bribes. A jury found both Appellants guilty of violating the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO"). At sentencing, the judge found that both Appellants had an offense level of 21 with a criminal history category of I, yielding an advisory guideline range of 37 to 46 months. The judge went beyond the guidelines and sentenced Walker to 120 months and Claville to 60 months of imprisonment. Walker and Claville appeal on several grounds.

## II. DISCUSSION

Did the Government prove venue?

Claville asserts that the Government did not prove venue as an element of the offense. Under federal law, the prosecution bears the burden of proving venue as an element of the offense, but "the prosecution need only show the propriety of the venue by a preponderance of the evidence, not beyond a reasonable doubt." *United States v. Carreon-Palacio*, 267 F.3d 381, 390 (5th Cir. 2001) (internal quotations omitted). The indictment provides specific addresses showing Claville worked for Caddo Parish and that A-Instant Bail Bonds was based in Shreveport. Both Caddo Parish and Shreveport are in the Western District of Louisiana. No controverting evidence was offered. Thus, the prosecution established venue by a preponderance of the evidence.

<u>Did the Government prove continuity to show a pattern of racketeering?</u>

The Government presented evidence of ten acts occurring over a period beginning May 3, 2007 and ending July 21, 2007. The Appellants assert that this two-and-a-half month period is insufficient to establish the continuity facet of a pattern of racketeering as required by RICO. Despite short durations, courts have held that the continuity facet is met when there is "no doubt that a jury could reasonably infer from the frequency and escalating seriousness of the defendants' crimes that their 'past conduct . . . by its nature projects into the future with a threat of repetition.'" *United States v. Richardson,* 167 F.3d 621, 626 (D.C. Cir. 1999) (quoting *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241, 109 S. Ct. 2893, 2902 (1983)). Here, the evidence shows there is no doubt that a jury could reasonably infer from the proven acts that Walker's and Claville's actions would "project in to the future with a threat of repetition." As such, the Government met the continuity facet of a pattern of racketeering.

<u>Is RICO's pattern requirement unconstitutionally vague?</u>

Appellants claim that RICO's pattern requirement is unconstitutionally vague because it is uncertain what period of time is required to constitute a pattern. This court reviews the constitutionality of a statute *de novo*. *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009). A statute is unconstitutionally vague when it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 127 (1926).

This claim has already been brought in exactly the same manner and was rejected by the Fifth Circuit. *Abell v. Potomac Ins. Co.*, 946 F.2d 1160 (5th Cir.

1991). The *Abell* court held that "a party has standing to raise a vagueness challenge only insofar as the statute is vague as applied to *his or her specific conduct*." *Id*. at 1167 (emphasis added) (quotation omitted). On the facts proven to the jury, a person of ordinary intelligence in Appellants' positions would have had adequate notice of the criminality of his actions and RICO's reach. Accordingly, there is no vagueness as applied to Walker or Claville.

Can the judicial branch of Louisiana be considered an "enterprise" under RICO?

Appellants assert that the judicial branch of Louisiana cannot be an "enterprise" under 18 U.S.C. § 1641(a). It is well established that a government unit with multiple sub-departments can be a RICO enterprise. *United States v. Stratton*, 649 F.2d 1066, 1074 (5th Cir. July 1981). A state's judicial branch qualifies as an enterprise under RICO, and the evidence was sufficient to satisfy the legal definition of a RICO "enterprise". The fact that Walker and Claville were judges in different departments is of no consequence.

Was there evidence of a sufficient nexus with interstate commerce under RICO?

Appellants assert that the Government did not meet RICO's requirement that the enterprise itself be engaged in interstate commerce or that its activities affect interstate commerce. 18 U.S.C. § 1962(c). The court reviews this issue *de novo*. *Rogers v. McDorman*, 521 F.3d 381, 391 (5th Cir. 2008). The nexus with interstate commerce required by RICO is minimal. *See United States v. Delgado*, 401 F.3d 290, 297 (5th Cir. 2005). The Government presented evidence that A-Instant Bail Bond Company wrote bonds through a company in California. This is a sufficient nexus with interstate commerce to meet the requirements of RICO.

<u>Was Walker unduly prejudiced by witness testimony concerning Walker's drug use?</u>

Walker contends that the trial court erred when it allowed McCullough to testify that he bribed Walker with Oxycontin instead of cash. This court rarely disturbs a Fed. Rule of Evid. 403 ruling and reviews the decision for a clear abuse of discretion. *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007). The judge introduced the Oxycontin evidence because it was intrinsic to charges that Walker accepted "cash and other things of value." The judge weighed the probative value against the prejudicial effect and gave several instructions limiting the jury's ability to consider this evidence. Walker's argument addresses a completely unrelated topic and fails to consider the true basis of the judge's ruling. Accordingly, this court find no clear abuse of discretion.

<u>Was there sufficient evidence that Claville was an elected or appointed judge?</u>

Claville asserts that the Government did not present sufficient evidence to prove that he was a juvenile court judge. This court reviews the sufficiency of the evidence *de novo*. *Rogers v. McDorman*, 521 F.3d 381, 391 (5th Cir. 2008). Sufficiency of the evidence challenges fail if a rational trier of fact could have found that the Government proved the essential elements of the crime charged beyond a reasonable doubt. *United States v. Webster*, 960 F.2d 1301, 1307-08 (5th Cir. 1992).

The Government offered evidence that implicitly proved that Claville was a judge. Witnesses referred to Claville as a judge throughout the trial. Further, the Government produced witnesses who testified that they released specific defendants after receiving a call from Judge Claville, something only a judge could order. Accordingly, a reasonable jury could properly find that Claville was a judge through this circumstantial evidence.

<u>Was there sufficient evidence that Claville accepted bribes?</u>

Sufficiency of the evidence challenges fail if a rational trier of fact could have found that the Government proved the essential elements of the crime charged beyond a reasonable doubt. *United States v. Webster*, 960 F.2d 1301, 1307-08 (5th Cir. 1992). McCullough, who solicited business for A-Instant Bail Bond Company, testified that he gave Claville money to release prisoners from juvenile court. Further, the Government presented audio and video recordings of McCullough and Claville setting up another person's release in exchange for money. A reasonable jury could properly find that Claville was bribed.

<u>Were the defendants' sentences unreasonable?</u>

Walker and Claville assert that the district court did not sufficiently state its reasons under 18 U.S.C. § 3553(a) for upwardly departing from the properly calculated guideline range. No procedural error is alleged, so this court reviews the substantial reasonableness of the sentence imposed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597 (2007). These claims are meritless; the judge explicitly considered the factors listed in § 3553(a) and held that both Appellants deserved greater sentences because, among other reasons, they tainted the judicial process and undermined "the idea of equality in a court of law." The district court did not abuse its discretion.

## III. CONCLUSION

For reasons stated in this opinion, the district court judgments of conviction and sentences are **AFFIRMED**.